UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUAH BRANDON McCAVITT,<br><br>Petitioner,<br><br>v.<br><br>JOE LIZARRAGA,<br><br>Respondent. | No. 2:19-cv-01180 JAM GGH P<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with a request to proceed in forma pauperis.

Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases. Petitioner must also clearly state the relief sought in the petition. Id. Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).

1

Here, petitioner alleges 55 grounds for relief in his petition. In majority of the claims, petitioner refers the court to review 38 exhibits that encompass almost 400 pages in the 1,202-page petition. Although petitioner provides some supporting facts for his claims, petitioner may not simply refer the court and respondent to review hundreds of pages in support of his claim without setting forth each claim for relief and summarizing the facts he alleges support each of the identified claims. Accordingly, the petition fails to comply with Rule 2(c), Rules Governing Section 2254 Cases. The court will grant petitioner leave to amend. Rule 4, Rules Governing Section 2254 Cases.

Moreover, the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the *highest state court* (here, the California Supreme Court) with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996). The United States Supreme Court has held that a federal district court may not

entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed. Here, it is unclear to the court whether petitioner has fully exhausted each of his claims or whether this is a mixed petition. Therefore, petitioner will be given an opportunity to amend his petition to clearly state whether *each* of his claims has been fairly presented to the highest state court.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order. Petitioner will take care to carefully comply with the instructions provided above when filing an amended petition;

3. Any amended petition must bear the case number assigned to this action and the title "First Amended Petition;" and

4. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus.

Dated: July 8, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

3