UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUAH BRANDON McCAVITT, | No. 2:19-cv-01180 JAM GGH P |
| Petitioner, | |
| v. | ORDER |
| JOE LIZARRAGA, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 11. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and Local Rule 302(c).

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

1

1    After reviewing the amended petition for habeas corpus, the court finds that petitioner has

2    failed to exhaust his state court remedies.  None of the nine claims presented in the amended

3    petition have been presented to the California Supreme Court.  Although there are similar claims

4    that were raised in his direct appeal, i.e. ineffective assistance of counsel and prosecutorial

5    misconduct, the specifics of the claims raised are based on different grounds. <u>Compare</u> ECF No.

6    11 at 45-102, <u>with</u> ECF No. 11 at 196-218, <u>with</u> ECF No. 11 at 10-31.  Moreover, petitioner

7    states in his petition that he has not presented his claims for relief to the highest state court.  <u>See</u>

8    ECF No. 11 at 3 ¶11(c).

9    The Ninth Circuit has held "that a district court has the discretion to stay and hold in

10   abeyance fully unexhausted petitions under the circumstances set forth in <u>Rhines</u>." <u>Mena v. Long</u>,

11   813 F.3d 907, 912 (9th Cir. 2016) (citing <u>Rhines v. Weber</u>, 544 U.S. 269, 277 (2005)).  Petitioner

12   will be afforded an opportunity to file a motion for stay and abeyance pursuant to <u>Rhines</u> for

13   failure to exhaust his claims. Petitioner should take the foregoing principles into consideration if

14   he seeks to file a motion to stay. A motion for stay and abeyance pursuant to <u>Rhines</u> is available

15   so long as (1) good cause is shown for a failure to have first exhausted the claims in state court;

16   (2) the claim or claims at issue potentially have merit; and (3) there has been no indication that

17   petitioner has been intentionally dilatory in pursuing the litigation. <u>Rhines</u>, 544 U.S. at 277-78.

18   Alternatively, if petitioner does not wish to seek a stay within the requisite timeframe, the court

19   will dismiss the petition with prejudice for failure to exhaust state remedies.[2]

20   Accordingly, IT IS HEREBY ORDERED that:

21   1.  Petitioner shall be granted thirty days to file a motion for a stay pursuant to <u>Rhines v.</u>

22   <u>Weber</u>, 544 U.S. at 277-78; and

23   ////

24   ////

25   ////

26   _____
     [2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing
27   non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on
     which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking
28   direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction
     or other collateral review is pending.  28 U.S.C. § 2244(d).

2. If petitioner fails to file a motion to stay within the requisite timeframe, the court will issue findings and recommendations dismissing the amended petition without prejudice for failure to exhaust state remedies.

Dated: October 22, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE