UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUAH BRANDON McCAVITT,<br><br>Petitioner,<br><br>v.<br><br>JOE LIZARRAGA,<br><br>Respondent. | No. 2:19-cv-01180 JAM GGH P<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a state prisoner proceeding in pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's December 2, 2019 motion to stay proceedings pending exhaustion of his fully unexhausted petition. ECF No. 13.

This case, yet to be served on respondent, started out with a petition numbering approximately 55 claims in 153 pages. After a court order to streamline the petition, a First Amended Petition (FAP) was filed setting forth 9 claims. ECF No. 11. However, as noted in the court order following the FAP, it appeared that petitioner had not exhausted his nine present claims with the California Supreme Court. ECF No. 12 at e 2. In his motion to stay (filed on December 2, 2019), petitioner concedes as much, and believes that his recent state habeas filing with the California Supreme will be resolved within 30 days. It is now 60 days past the motion's filing, and no confirmation of exhaustion has been made.

////

1

The Ninth Circuit has held "that a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines." Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (citing Rhines v. Weber, 544 U.S. 269, 277 (2005)). A district court may properly stay a habeas petition and hold it in abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). Under Rhines, a district court may stay a mixed petition to allow a petitioner to present an unexhausted claim to the state courts. Rhines, 544 U.S. at 277. Assuming the petition itself has been timely filed, such a stay "eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court[.]" King, 564 F.3d at 1140. However, to qualify for a stay under Rhines, a petitioner must: (1) show good cause for his failure to exhaust all his claims before filing this action; (2) explain and demonstrate how his unexhausted claim is potentially meritorious; (3) describe the status of any pending state court proceedings on his unexhausted claim; and (4) explain how he has diligently pursued his unexhausted claim. Rhines, 544 U.S. at 277–78. What constitutes good cause has not been precisely defined except to indicate at the outer end that petitioner must not have engaged in purposeful dilatory tactics, Rhines, 544 U.S. at 277-78, and that "extraordinary circumstances" need not be found. Jackson v. Roe, 425 F.3d 654, 661-662 (9th Cir. 2005); see also Rhines, 544 U.S. at 279 (Stevens, J., concurring) (the "good cause" requirement should not be read "to impose the sort of strict and inflexible requirement that would trap the unwary pro se prisoner") (internal citation omitted); id. (Souter, J., concurring) (pro se habeas petitioners do not come well trained to address tricky exhaustion determinations). "But as the Jackson court recognized, we must interpret whether a petitioner has "good cause" for a failure to exhaust in light of the Supreme Court's instruction in Rhines that the district court should only stay mixed petitions in 'limited circumstances.' We also must be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." Wooten v. Kirkland, 540 F.3d 1019, 1023-24 (9th Cir. 2008), quoting Jackson, 425 F.3d at 661) (internal citations omitted).

////

Petitioner argues his limited access to the law library, the limited legal assistance prison law clerks are permitted to provide prisoners, and his misunderstanding of the law constitutes as good cause pursuant to Rhines. ECF No. 13 at 5-6. Petitioner's arguments do not establish grounds for a stay under Rhines, as indeed, most pro se petitioners are encompassed within the general allegations. First, petitioner's mere assertions without sufficient details and evidence fails to amount to a showing of good cause. See Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014) ("While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will.") Secondly, petitioner's assertions as to his limited access to a law library and legal assistance also fails.

*Cf.* Brannigan v. Barnes, No. 2:13-CV-01810 MCE AC, 2014 WL 3401449, at *3 (E.D. Cal. July 11, 2014) (The court found that petitioner had "provided adequate evidentiary support for his assertion of good cause based on an inability to access his legal materials and the law library."); Hernandez v. California, No. C 08-4085 SI (PR), 2010 WL 1854416, at *2–3 (N.D. Cal. May 6, 2010) (Petitioner's limited education, lack of legal assistance, and limited access to the law library was insufficient to satisfy good cause). Lastly, pursuant to Ninth Circuit precedent, mere ignorance of the law fails to establish good cause. See Wooten, supra, 540 F.3d at 1024. ("To accept that a petitioner's 'impression' that a claim had been included in an appellate brief constitutes 'good cause' would render stay-and-obey orders routine." Moreover, it would "run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'"); see also Hughes v. Idaho State Board of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (ignorance of the law does not constitute an excuse from due diligence).

For these reasons provided above, the undersigned does not find that petitioner has established good cause pursuant to Rhines.

However, the undersigned is also cognizant that petitioner is serving an indeterminate life sentence, and if possible, his one chance to seek federal habeas review of the conviction should be preserved. Therefore, the undersigned will extend the time in which to make objections to these Findings and Recommendations as follows. *If at anytime during the time period of 60 days from the filed date of these Findings and Recommendations, petitioner receives notification that*

3

*the California Supreme Court has ruled on his state exhaustion filing, petitioner shall immediately notify the court* along with *providing a copy of the state petition and state supreme court ruling.* In such an event, these Findings and Recommendations will be withdrawn.

If petitioner has not received word from the state supreme court within the 60 day period, *he shall then file his objections, if any, to these Findings and Recommendations within 14 days after expiration of the 60 day period, along with a copy of the exhaustion petition he filed with the California Supreme Court.* These Findings and Recommendations will then be forwarded to the district judge as appropriate. *There will be no extensions of time* absent *compelling* circumstances.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to stay and hold the petition in abeyance (ECF No. 13) be denied without prejudice; and

2. Petitioner's application for a writ of habeas corpus be dismissed without prejudice for failure to exhaust state remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). *Petitioner may file written objections with the court in accordance with the requirements set forth above.* The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

Dated: February 6, 2020

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE